# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BILLY SHORT** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 21-2730** |
| v. | : | |
| | : | |
| **QYST INC.** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                      JUNE 10, 2022

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court is an unopposed motion for approval of a settlement agreement, [ECF 18], regarding the claims for overtime compensation brought by Plaintiff Billy Short ("Plaintiff") under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and the Pennsylvania Minimum Wage Act (the "PMWA"), 43 Pa. Cons. Stat. § 333.101 *et seq.*, against Defendant Qyst Inc. ("Defendant"). For the reasons set forth, Plaintiff's motion is granted, and the settlement agreement is approved.

### BACKGROUND

Defendant operates multiple automotive centers in Southeastern Pennsylvania. Plaintiff worked at Defendant's center in Media, Pennsylvania, as a mechanic from approximately May 2015 to June 2020. On June 18, 2021, Plaintiff filed this civil action, alleging that Defendant violated the FLSA and the PMWA by failing to properly compensate him for all of the hours he worked. Specifically, Plaintiff alleges that he typically worked 50 hours per week but did not receive overtime pay for the weeks that he worked over 40 hours.

In its answer, Defendant maintains that Plaintiff did not typically work 50 hours per week and was an overtime-exempted employee. Following the initial exchange of disclosures under

Federal Rule of Civil Procedure ("Rule") 26 and discovery requests, the parties, each represented by counsel, engaged in arms-length settlement negotiations. The negotiations culminated in the memorialized proposed Settlement Agreement currently pending this Court's approval. [ECF 18-1]. The Settlement Agreement provides for Plaintiff to receive $16,250 and for Plaintiff's counsel to receive $8,750.

**DISCUSSION**

Although the United States Court of Appeals for the Third Circuit (the "Third Circuit") has yet to address the issue, district courts in this Circuit, including this Court, have followed the position taken by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), requiring court approval for proposed settlements of FLSA lawsuits filed pursuant to 29 U.S.C. § 216(b).[1] Judicial review of a proposed settlement agreement requires the court to scrutinize the proposed settlement agreement of the parties and determine if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions, *Lynn's Food Stores*, 679 F.2d at 1355, whether the settlement agreement furthers or "impermissibly frustrates" implementation of the FLSA in the workplace, *Lyons v. Gerhard's Inc.*, 2015 WL 4378514, at *3 (E.D. Pa. July 16, 2015) (citations omitted), and whether attorney's fees and costs are reasonable, 29 U.S.C. § 216(b). Having reviewed the parties' proposed Settlement Agreement, this Court is satisfied that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" and, further, does not impermissibly frustrate implementation of the FLSA in the workplace.

---

[1] *See, e.g.*, *Brown v. U.S. Postal Service*, 2021 WL 5083981 (E.D. Pa. Nov. 2, 2021); *Bettger v. Crossmark, Inc.*, 2015 WL 279754 (M.D. Pa. Jan. 22, 2015); *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464 (E.D. Pa. 2012); *Morales v. PepsiCo, Inc.*, 2012 WL 870752 (D.N.J. Mar. 14, 2012).

*Proposed Settlement Agreement is Fair and Reasonable Settlement of Bona Fide Dispute*

As noted, this Court must determine, as a threshold issue, whether the parties' dispute is "bona fide." "A dispute is 'bona fide' where it involves factual issues rather than legal issues such as the statute's coverage and applicability." *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 530 (E.D. Pa. 2016). "In essence, for a bona fide dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented." *Id.*; *see also Berger v. Bell-Mark Techs. Corp.*, 2019 WL 1922325, at *3 (M.D. Pa. Apr. 30, 2019) ("A bona fide dispute is one in which there is some doubt whether the plaintiff would succeed on the merits at trial.").

Here, this Court is satisfied that a bona fide dispute exists as to both Defendant's liability and Plaintiff's damages under the FLSA. As evidenced by Plaintiff's complaint and Defendant's answer, this action involves disputed issues of fact as to whether Plaintiff worked over 40 hours per week and whether Plaintiff was an overtime-exempt employee. Based on the pleadings, it is clear that a bona fide dispute exists regarding the validity of Plaintiff's claims and Defendant's defenses thereto.

Having determined that a bona fide dispute exists, this Court must determine whether the proposed Settlement Agreement provides a fair and reasonable resolution of that dispute. When determining whether a proposed settlement is fair and reasonable, this Court must consider the Third Circuit's nine-factor test for evaluating proposed class action settlement agreements, *i.e.*, the *Girsh* factors. *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *Lyons*, 2015 WL 4378514, at *4. The *Girsh* factors include: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages;

(6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 258 (3d Cir. 2009) (citing *Girsh*, 521 F.2d at 157). No one factor, however, is dispositive. *Hall v. Best Buy Co.*, 274 F.R.D. 154, 169 (E.D. Pa. 2011). Because *Girsh* was a class action, some of the factors are of "little help, if not irrelevant in the single-plaintiff context." *Howard v. Phila. Hous. Auth.*, 197 F. Supp. 3d 773, 777 n.1 (E.D. Pa. 2016). Here, this Court finds that factors 1, 3–5, and 8–9 are relevant to this single-plaintiff action. After considering these factors, this Court finds that they weigh in favor of approving the proposed Settlement Agreement.

### *Relevant Girsh Factors*

*Factor 1: The complexity, expense, and likely duration of the litigation*

Had the parties not reached this settlement, this matter would have proceeded to further discovery. Such discovery may have involved depositions; a detailed review of Plaintiff's job duties, work hours, pay, and benefits; and a detailed review of Defendant's policies, practices, and business records. One or both parties may have moved for summary judgment, which would have likely prompted another round of briefing. If the case survived summary judgment, the matter may have proceeded to trial to determine the merits of the parties' individual claims, liability, and damages, if any. The continued litigation of Plaintiff's claims would have required significant additional expense and a substantial delay before any potential recovery. Further, no matter the outcome of a trial, it is likely that either one or both parties would have filed an appeal, leading to further litigation costs and delay in any realized recovery. Thus, the avoidance of the unnecessary

expenditure of time and resources benefits the parties and weighs in favor of approving the proposed Settlement Agreement. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 812 (3d Cir. 1995) (concluding that lengthy discovery and potential opposition by the defendant weigh in favor of approving settlement).

*Factor 3: The stage of the proceedings and the amount of discovery completed*

The third *Girsh* factor "captures the degree of case development that class counsel have accomplished prior to settlement. Through this lens, courts can determine whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001). When evaluating this third factor, courts must evaluate the procedural stage of the case at the time the proposed settlement was made to assess whether counsel adequately appreciated the merits of the case while negotiating. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004). "[C]ourts generally recognize that a proposed class settlement is presumptively valid where . . . the parties engaged in arm's length negotiations after meaningful discovery." *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 144–45 (E.D. Pa. 2000). Settlements reached following discovery "are more likely to reflect the true value of the claim." *Boone v. City of Phila.*, 668 F. Supp. 2d 693, 712 (E.D. Pa. 2009) (citing *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1314 (3d Cir. 1993)).

Prior to reaching a settlement, this case was litigated for six months. The parties conducted initial discovery pertinent to each other's positions and settlement demands. As a result of the discovery conducted, the parties had an opportunity to identify and grasp the strengths and weaknesses of each party's case. Consequently, this Court finds that this factor weighs in favor of approval.

*Factor 4: The risks of establishing liability*

The fourth *Girsh* factor weighs the likelihood of ultimate success against the benefits of an immediate settlement. The existence of obstacles, if any, to a plaintiff's success at trial weighs in favor of settlement. *In re Warfarin*, 391 F.3d at 537. Here, Defendant denies liability and disputes the number of hours Plaintiff alleges to have worked overtime and, further, contends that Plaintiff was an exempt employee and not entitled to overtime. If this case had proceeded to trial, it is possible that Plaintiff would not have established Defendant's liability and, therefore, would not have obtained any recovery. The proposed Settlement Agreement avoids the risk that Defendant may not be found liable. Thus, this Court finds that this factor weighs in favor of approval.

*Factor 5: The risks of establishing damages*

The fifth *Girsh* factor "attempts to measure the expected value of litigating the action rather than settling it at the current time." *In re Cendant*, 264 F.3d at 238–39. As with the fourth factor, the proposed settlement will allow Plaintiff to obtain prompt financial relief. If this case were to proceed, it is possible that Plaintiff may fail to establish any damages, may establish damages in an amount less than the amount he would recover by way of the settlement, or may establish damages only to have the judgment appealed. In light of this uncertainty regarding damages, the proposed settlement amount of $25,000—which represents approximately 121% of the $20,670 Plaintiff claims to be owed—is a positive result. [2] Accordingly, this factor weighs in favor of approval.

---

[2] Even if the total settlement amount includes attorney's fees, that total is the amount to consider when determining whether to approve a settlement under the FLSA. *Solkoff v. Pa. State Univ.*, 435 F. Supp. 3d 646, 655 (E.D. Pa. 2020); *Devine v. Ne. Treatment Ctrs.*, 2021 WL 4803819, at *2 (E.D. Pa. Oct. 14, 2021).

*Factors 8–9: The range of reasonableness of settlement in light of best and possible recovery and all attendant risks of litigation*

Often considered together, the last two *Girsh* factors evaluate whether the settlement agreement represents "a good value for a weak case or a poor value for a strong case." *In re Warfarin*, 391 F.3d at 538. To assess the reasonableness of a settlement in cases seeking monetary relief, "the present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing, should be compared with the amount of the proposed settlement." *In re Prudential Ins. Co. Am. Sale Practice Litig. Agent Actions*, 148 F.3d 283, 322 (3d Cir. 1998).

In light of the questions of fact and law present in this litigation, the value of the proposed settlement substantially outweighs the mere possibility of future relief. As noted, Plaintiff's recovery under the proposed Settlement Agreement represents 121% of the amount he claims to be owed. This settlement amount is reasonable in light of the attendant risk that Plaintiff may not obtain any recovery or may not obtain a recovery equal to or greater than 121% of what he claims to be owed if this case proceeded through trial. Thus, these factors weigh in favor of approval.

Consequently, upon consideration of each of the relevant *Girsh* factors, and in light of the presumption of fairness that attaches to settlement agreements, *see In re Warfarin*, 391 F.3d at 539, this Court finds that the parties' proposed Settlement Agreement is a fair and reasonable resolution of the parties' bona fide disputes.

### *The Proposed Settlement Agreement Does Not Impermissibly Frustrate Implementation of the FLSA*

Having determined that the proposed Settlement Agreement is a fair and reasonable resolution of the parties' disputes, this Court must determine whether the Settlement Agreement

furthers or "impermissibly frustrates" implementation of the FLSA. *Bettger*, 2015 WL 279754, at *8. When making this determination, a district court must scrutinize the settlement agreement for the presence of "side deals" that place constraints on employees. *Wahpoe v. Staffmore LCC*, 2020 WL 5554413, at *4 (E.D. Pa. Sept. 16, 2020). If such side deals are too restrictive or overly broad, they run contrary to the history and policy of the FLSA. *Id.* at 5–7. Here, the parties have two such side deals: a release of claims provision and a confidentiality provision.

The parties' release of claims is limited to claims that arose prior to the date of the proposed Settlement Agreement and were either asserted in or reasonably related to this matter. Such a release does not frustrate implementation of the FLSA. *See Bettger*, 2015 WL 279754, at *8 (collecting cases approving FLSA settlements where release limited to "claims related to the specific litigation"); *Kutz v. Cargill Cocoa & Chocolate, Inc.*, 2019 WL 5457776, at *8 (M.D. Pa. Oct. 23, 2019) (approving agreement "limited to the release and discharge of claims asserted in the lawsuit or claims that could have been asserted in the lawsuit" when plaintiff's only claim was for overtime pay). Similarly, in this case—where Plaintiff's only claim is for overtime pay—the release is sufficiently limited in scope so as to avoid impermissibly frustrating the implementation of the FLSA.

After reviewing the proposed Settlement Agreement's confidentiality provision, this Court finds that it is sufficiently limited in scope. The confidentiality provision prohibits the parties from making statements to the media, with the exception of noting an amicable resolution and directing the media to the public record, and it prohibits the parties from disparaging one another. Plaintiff is otherwise permitted to discuss the terms of the Settlement Agreement, and the public will have access to the approved Settlement Agreement. District courts in this Circuit have found such confidentiality provisions sufficiently limited in scope. *See, e.g.*, *Rubbo v. Peoplescout, Inc.*, 2017

WL 2010311, at *4 (E.D. Pa. May 11, 2017) (citing *In re Chickie's & Pete's Wage & Hour Litig.*, 2014 WL 911718, at *3 (E.D. Pa. Mar. 7, 2014)).  In sum, neither the release of claims nor the confidentiality provision impermissibly frustrates the implementation of the FLSA.

### *Request for Attorney's Fees and Expenses*

As compensation for their legal services and efforts, Plaintiff's counsel requests that this Court approve the provisions of the proposed Settlement Agreement that provide for attorney's fees and costs in the amount of $8,750.  This fee and cost portion represents 35% of the total settlement amount.  Although the contingency agreement was not filed in support, Plaintiff's counsel relies upon the Declaration of Mark Gottesfeld, attached to the motion, to establish the reasonableness of the fee and to explain that Plaintiff's counsel are employed by a pure contingency fee law firm.  [ECF 18-2].

The FLSA provides for the payment of attorney's fees and costs.  Specifically, Section 216(b) provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  Courts within this Circuit have predominantly used the percentage-of-recovery method, in which a fixed portion of the settlement fund is awarded to counsel, to determine a reasonable attorney's fee in wage-and-hour cases. *Kraus*, 155 F. Supp. 3d at 533.  The factors that courts consider under the percentage-of-recovery method to evaluate the appropriateness of an attorney's fee award are:

> (1) the size of the fund created and the number of persons benefitted;
> (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel;
> (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of

> nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.

*Id.* (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000)). These factors need not be applied in a formulaic way, and one factor may outweigh the others. *Id.*

In weighing the aforementioned factors, this Court finds that these factors weigh in favor of approving the requested amount of attorney's fees. This settlement, unlike the class action settlements contemplated by the aforementioned factors, benefits Plaintiff, who has agreed to its terms. As explained in the *Girsh* analysis, the parties, represented by counsel, engaged in sufficient discovery prior to reaching a settlement of their disputes. Further, Plaintiff's counsel has extensive experience in similar, complex wage-and-hour litigation. As noted, the proposed Settlement Agreement provides for attorney's fees and costs in the amount of $8,750, which represents a 35% contingency fee for counsel. This percentage falls within the range of attorney's fees awarded in similar cases. *See, e.g.*, *Schwartz v. Pa. State Univ.*, 2017 WL 1386251, at *5 (M.D. Pa. Apr. 18, 2017). Accordingly, this Court finds that these factors weigh in favor of approval of the fee and cost request.

### *Lodestar Cross-Check*

In percentage-of-recovery cases, such as this one, courts often use the lodestar method to "cross-check the reasonableness of a percentage-of-recovery fee award." *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 330 (3d Cir. 2011). Under the lodestar method, a court begins the process of determining the reasonable fee by calculating the "lodestar," *i.e.*, the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009). Once the

lodestar is determined, the court must then determine whether additional adjustments are appropriate. *McKenna*, 582 F.3d at 455.

A reasonable hourly rate in the lodestar calculation is "[g]enerally . . . calculated according to the prevailing market rates in the relevant community," taking into account "the experience and skill of the . . . attorneys and compar[ing] their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). The prevailing market rate is usually deemed reasonable. *Pub. Int. Rsch. Grp. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995).

As revealed in the Declaration of Mark Gottesfeld, the hourly rates for both of Plaintiff's counsel—$375 and $670—are well within the range of what is reasonable and appropriate in this market. The attorneys have substantial experience in wage-and-hour law, and their hourly rates are consistent with the fee schedule published by Community Legal Services of Philadelphia. *Maldonado*, 256 F.3d at 187 ("The fee schedule established by Community Legal Services, Inc. ('CLS') 'has been approvingly cited by the Third Circuit as being well developed and has been found by [the Eastern District of Pennsylvania] to be a fair reflection of the prevailing market rates in Philadelphia.'") (alterations in original).

"In calculating the second part of the lodestar determination, the time reasonably expended," a district court should "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Pa. Env't Def. Found. v. Canon-McMillan Sch. Dist.*, 152 F.3d 228, 232 (3d Cir. 1998). As noted in *Hensley*, lawyers must use judgment when billing their clients so as not to bill clients for "excessive, redundant, or otherwise unnecessary" hours. 461 U.S. at 434. Likewise, "[h]ours that are not properly billed to one's client also are not

properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (citations omitted). Ultimately, district courts have "substantial discretion in determining what constitutes . . . reasonable hours." *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001).

Here, the Time Detail Report, attached as Exhibit 2 to the Declaration of Mark Gottesfeld, [ECF 18-2], includes a summary of the hours worked by Plaintiff's counsel. Plaintiff's counsel reports 13.6 hours of work at an hourly rate of $375 and 19.6 hours of work at an hourly rate of $670.00. Upon review of the Declaration of Mark Gottesfeld and the Time Detail Report, it appears that Plaintiff's counsel are not requesting compensation for any time that was "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Having found the hourly rates and hours expended reasonable, the lodestar for Plaintiff's counsel is $18,232 for 33.2 hours of attorney work. Counsel's request for $8,750 as a percentage-of-recovery represents an amount less than the lodestar. Such an amount is consistent with other attorney's fees awards that amounted to various multiples above the lodestar amount. *See, e.g.*, *Mabry v. Hildebrandt*, 2015 WL 5025810, at *4 (E.D. Pa. Aug. 24, 2015) ("In this Circuit, the percentage of the recovery award in FLSA common fund cases ranges from roughly 20–45%."); *In re Prudential*, 148 F.3d at 341; *see also Keller v. TD Bank, N.A.*, 2014 WL 5591033, at *16 (E.D. Pa. Nov. 4, 2014) (approving multiplier of "slightly above 3" in FLSA collective action). The lodestar cross-check analysis, therefore, supports approval of the requested attorney's fees. As such, this Court approves the request for attorney's fees and costs, which the Court finds to be reasonable.

**CONCLUSION**

For the reasons stated herein, the parties' motion to approve the proposed Settlement Agreement is granted. This Court finds that the request for attorney's fees and costs is reasonable, and awards Plaintiff's counsel attorney's fees and costs in the amount of $8,750. An Order consistent with this Memorandum Opinion follows.


*NITZA I. QUIÑONES ALEJANDRO, J.*